UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05 10594 RGS

MAGISTRATE JUDGE _____

BRICKLAYERS & ALLIED CRAFTSMEN )
UNION LOCAL 3 – EASTERN )
MASSACHUSETTS )
  Plaintiff, )
)
v. ) C.A. No.
)
)
UNI-CON FLOORS, INC. )
  Defendant. )
_____)

RECEIPT # 63035
AMOUNT $____
SUMMONS ISSUED ___
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 3/22/05

## COMPLAINT

1. This is an action to enforce a labor arbitration award pursuant to §301 of the Labor Management Relations Act (the "Act"), 29 U.S.C. §185. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1337.

2. Plaintiff, Bricklayers & Allied Craftsmen Union Local 3 – Eastern Massachusetts (hereinafter "the Union"), is a labor organization within the meaning of 29 U.S.C. §152(5) and is the duly authorized collective bargaining representative of marble masons, tilelayers and terrazzo mechanics employed in Eastern Massachusetts, Maine, New Hampshire and Vermont. The Union's office is located at 550 Medford Street, Boston, Massachusetts 02129.

3. Defendant, Uni-Con Floors, Inc. (hereinafter "the Employer") is an employer within the meaning of 29 U.S.C. §152(2) and §185, does business in this judicial district, and has its principal place of business in Fall River, MA.

4. The Union and the Employer are parties to a collective bargaining agreement that is a contract within the meaning of 29 U.S.C. §185(a) and that, among other things, provides for arbitration of disputes arising under the agreement.

5. The parties' collective bargaining agreement provides that an Arbitration Board is authorized to hear and adjudicate "a dispute over the interpretation of the provisions of this Agreement" and that the Arbitration Board's decisions are final and binding as to the parties.

6. The Arbitration Board is composed of three members from the Union and three members from the Marble, Tile and Terrazzo Contractors Association of Massachusetts ("Contractors Association").

7. The Agreement mandates that the Joint Trade Board's decisions are binding on both parties.

8. By letter dated November 2, 2004 (attached hereto as Exhibit A), the Union invoked the grievance and arbitration provision of the applicable collective bargaining agreement and submitted to arbitration a dispute with the Employer that had arisen under the collective bargaining agreement.

9. By letter dated November 10, 2004 (attached hereto as Exhibit B), the Employer was notified that the arbitration hearing would take place on December 1, 2004.

10. Following several exchanges of letters between counsel for the parties concerning the substance of the dispute between the Union and the Employer and the Union's acquiescence in the Employer's request to postpone the arbitration hearing due to the unavailability of the principal officer of the Employer (attached hereto as Exhibit C), Union counsel, by letter dated January 7, 2005 (attached hereto as Exhibit D), notified the Employer's counsel that the arbitration hearing would be held on January 25, 2005 at the Union's office.

11. The Employer did not request a postponement of the hearing nor did counsel for the Employer inform the Union or its counsel that he or the principal officer of the Employer would not attend the hearing.

12. Following a hearing held in Charlestown, Massachusetts on January 25, 2005, at which the Employer did not appear, the Arbitration Board duly issued an Award on February 7, 2005 sustaining the Union's grievance against the Employer (attached hereto with cover letter as Exhibit E), specifically finding that Uni-Con Floors, Inc. violated Article I, Section 3 of the collective bargaining agreement when it used American Floor Covering, Inc., which had the same principal officer as Uni-Con Floors, Inc., to perform bargaining unit work at the University of Massachusetts Dartmouth project.

13. Defendant's counsel was provided a copy of the Arbitration Board's Award on February 11, 2005. To date and without any lawful justification, Defendant has refused to comply with the Arbitration Board's Award.

14. The Massachusetts Arbitration Act requires that any action to vacate an arbitration award be filed within thirty (30) days of the award. M.G.L. c.150 §11.

15. Defendant failed to file an action to vacate the arbitration award within thirty (30) days of its receipt.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant:

A. Ordering Defendant to comply with the Arbitration Board's Award, with pre-judgment interest from February 11, 2005, the receipt of the Award;

B. Ordering Defendant to pay Plaintiff's costs and attorney's fees for bringing this action;

C.  Awarding such other and further relief as may be just and proper; including, but not limited to, declaring that the Defendant is time-barred from asserting any affirmative defenses because the statutory period of thirty (30) days has elapsed.

Plaintiff,

Bricklayers & Allied Craftsmen Union Local 3 –

Eastern Massachusetts,

By its attorney,

_____
Michael A. Feinberg, BBO #161400
Feinberg, Campbell & Zack, P.C.
177 Milk Street
Boston, MA 02109
(617) 338-1976

DATED: March 24, 2005

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Bricklayers & Allied Craftsmen Union Local 3 - Eastern Massachusetts

**DEFENDANTS**
Uni-Con Floors, Inc.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Bristol
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Michael A. Feinberg, Esq.
Feinberg, Campbell & Zack, PC
177 Milk Street
Boston, MA 02109    617-338-1976

**ATTORNEYS (IF KNOWN)**
David M. Fleury, Esq.
Carmichael, Zajac, & Fleury, PC
170 High Street
Taunton, MA 02780

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☒ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

enforce a labor arbitration award pursuant to §301 of the Labor Management Relations Act, 29 U.S.C. §185

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Injunction Relief
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 3/24/05
SIGNATURE OF ATTORNEY OF RECORD /s/ Michael A. Feinberg

FOR OFFICE USE ONLY
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) <u>Bricklayers & Allied Craftsmen Union Local 3 Eastern Massachusetts v. Uni-Con Floors, Inc.</u>

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   — I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   — III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   — IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   — V. 150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES ☐    NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES ☐    NO ☒

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES ☐    NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES ☐    NO ☒

7. DO <u>ALL</u> OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   YES ☒    NO ☐

   A. IF YES, IN WHICH DIVISION DO <u>ALL</u> OF THE NON-GOVERNMENTAL PARTIES RESIDE?

   EASTERN DIVISION ☒    CENTRAL DIVISION ☐    WESTERN DIVISION ☐

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

   EASTERN DIVISION ☐    CENTRAL DIVISION ☐    WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME <u>Michael A. Feinberg, Esq.</u>
ADDRESS <u>177 Milk Street, Boston, MA 02109</u>
TELEPHONE NO. <u>617-338-1976</u>

(Cover sheet local.wpd - 11/27/00)

 

# Bricklayers and Allied Craftsmen
## Local No. 3   Eastern Massachusetts

550 MEDFORD STREET
BOSTON, MASSACHUSETTS 02129

TELEPHONE: (617) 242-5500
FAX: (617) 242-0021

**CHARLES RASO**
President
Secretary-Treasurer

November 2, 2004

Mr. John Pacheco
Uni-Con Floors Corporation
P. O. Box 267
Fall River, MA  02724

RE:  U-MA Dartmouth Project
     Suffolk Construction – GC

Dear Mr. Pacheco:

In accordance with Article XV of the collective bargaining agreement between BAC Local 3 and Uni-Con Floors Corporation, the union is requesting arbitration over violation of Article I, Section 3 (copy enclosed) of the collective bargaining agreement relative to the above-referenced project.

Kindly contact me as soon as possible to arrange for a mutually agreeable date, time and place for said arbitration.

Very truly yours,

Charles Raso
President/Secretary-Treasurer

CR/md

Cc/Marble-Tile-Terrazzo Contractors Association
  Michael Feinberg, Esq.
  Joe Dewey, BAC #3 Field Representative

Enclosure
CERTIFIED MAIL #7003 1010 0005 3149 4651
RETURN RECEIPT REQUESTED

REPRESENTING:  BRICKLAYERS • STONEMASONS • POINTERS • CLEANERS • CAULKERS
TILE-MARBLE-TERRAZZO MECHANICS & FINISHERS • CEMENT MASONS • PLASTERERS

Section 3.

## Work Preservation

1. Purpose - All applicable work in the territorial jurisdiction of Local No.3 shall be performed under the terms of this Agreement.

2. Procedure - The Employer agrees that no evasion of the terms, requirements, and provisions of this Agreement will take place. In order to prevent any device or subterfuge to avoid the protection of this Agreement and in order to preserve the protection of this Agreement and in order to preserve work, it is hereby agreed as follows: If and when the Employer shall perform any job site construction work of the type covered by this Agreement, under its own name or under the name of another, as a corporation, company, partnership or any other business entity, including a joint venture, wherein the employer, through its officers, directors, partners or stockholders, exercise either directly or indirectly, (such as through family members) any significant degree of management, control or ownership, the terms and conditions of this Agreement shall be applicable to all such work.

3. Remedy - All charges of violations of Paragraph (2) of this Section shall be considered as a dispute under this Agreement and shall be processed in accordance with the procedures for the handling of grievances and the final binding resolution of disputes, as provided in Article XV of this Agreement. As a remedy for violations of this Section, the arbitrator (or arbitration body) provided for in Article XV is empowered at the request of the Union, to require an Employer to (1) pay to affected Employees covered by this Agreement, including registered applicants for employment, the equivalent of wages lost by such Employees as a result of the violations, and (2) pay into the affected joint Trust Funds established under this Agreement any delinquent contributions to such Funds which have resulted from violations. Provision for this remedy herein does it make the same or other remedies unavailable to this Union for violations of other Sections or other Articles of this Agreement.

   If, as a result of violations of this Section, it is necessary for the Union and/or the Trustees of the joint Trust Funds to institute court action to enforce an award rendered in accordance with the sub-section above, or to successfully defend an action which seeks to vacate such award, the Employer shall pay any accountants' and attorneys' fees incurred by the Union and/or Fund Trustees, plus costs of the litigations, which have resulted from the bringing of such court action.




*Bricklayers and Allied Craftsmen*
*Local No. 3   Eastern Massachusetts*

550 MEDFORD STREET
BOSTON, MASSACHUSETTS 02129

**CHARLES RASO**
President
Secretary-Treasurer

TELEPHONE: (617) 242-5500
FAX: (617) 242-0021

November 10, 2004

Mr. John Pacheco
Uni-Con Floors Corporation
P. O. Box 267
Fall River, MA  02724

RE:  U-MA Dartmouth Project
      Suffolk Construction – GC

Dear Mr. Pacheco:

Reference is made to our telephone conversation on Tuesday, November 9, 2004, wherein you refused to set a mutually convenient date, place and time for arbitration.

The union is alleging that Uni-Con Floors Corporation is in violation of Article I, Section 3 of the collective bargaining agreement between the parties, relative to its use of American Floor Covering, Inc. on the above-referenced project.

Since you have refused arbitration, the union is setting the arbitration hearing as follows:

        Date:   Wednesday, December 1, 2004
        Time:   10:00 a.m.
        Place:  Bricklayers Union Local 3 Office
               550 Medford Street
               Charlestown, MA

REPRESENTING: BRICKLAYERS • STONEMASONS • POINTERS • CLEANERS • CAULKERS
TILE-MARBLE-TERRAZZO MECHANICS & FINISHERS • CEMENT MASONS • PLASTERERS

- 2 -

*The union remains optimistic that you will agree to participate. However, please be advised that the hearing will take place whether or not you attend.*

*Very truly yours,*

*Charles Raso*
*President/Secretary-Treasurer*

*CR/md*

*cc/Marble-Tile-Terrazzo Contractors Association*
 *Michael Feinberg, Esq.*
 *Joe Dewey, BAC Local 3 Field Representative*

*CERTIFIED MAIL #7003 1010 0005 3149 4644*
*RETURN RECEIPT REQUESTED*

# FEINBERG, CAMPBELL & ZACK, P.C.
Attorneys at Law

177 Milk Street, Suite 300 • Boston, Massachusetts 02109

617-338-1976

Fax 617-338-7070   Toll Free 800-338-6004

MICHAEL A. FEINBERG
maf@fczlaw.com
CATHERINE M. CAMPBELL
cmc@fczlaw.com
Also admitted in California
ARTHUR G. ZACK
agz@fczlaw.com

JONATHAN M. CONTI
jmc@fczlaw.com
Also admitted in Connecticut
and Wisconsin

*VIA FACSIMILE: 508-821-2566*
**and First Class Mail**

December 21, 2004

David M. Fleury, Esq.
Carmichael, Zajac & Fleury, P.C.
170 High Street
Taunton, MA 02780

    Re:    Uni-Con Floors, Inc. and
               Massachusetts Bricklayers and Masons Local No. 3

Dear Mr. Fleury:

      This letter will serve to advise you that, at your request, today's meeting has been cancelled.

      However, the Union still intends to press forward on the arbitration between Uni-Con Floors, Inc. and Bricklayers and Masons Local Union No. 3 concerning the installation of ceramic tile on the UMass Dartmouth job. For your information, the contract you provided to me between Uni-Con Floors, Inc. and Suffolk Construction Company concerning the carpet, VCT and rubber flooring installation does not pertain to this dispute. Rather, the Union is alleging that Uni-Con Floors, Inc. violated the work preservation clause of the collective bargaining agreement when it performed the installation of the ceramic tile on the above referenced job under the name of American Floor Covering, Inc.

When you have had an opportunity to review this matter with your client would you kindly contact me so that we may arrange for a mutually satisfactory date for the arbitration proceeding.

                    Very truly yours,

                    Michael A. Feinberg

MAF:klb

Cc:    Charles Raso, Business Manager, Bricklayers and Masons Local Union No. 3

# FEINBERG, CAMPBELL & ZACK, P.C.

Attorneys at Law

177 Milk Street, Suite 300 • Boston, Massachusetts 02109

617-338-1976

Fax 617-338-7070   Toll Free 800-338-6004

MICHAEL A. FEINBERG
maf@fczlaw.com
CATHERINE M. CAMPBELL
cmc@fczlaw.com
Also admitted in California
ARTHUR G. ZACK
agz@fczlaw.com

JONATHAN M. CONTI
jmc@fczlaw.com
Also admitted in Connecticut
and Wisconsin

January 7, 2005

David M. Fleury, Esq.
Carmichael, Zajac & Fleury, P.C.
170 High Street
Taunton, MA 02780

Re:   Uni-Con Floors, Inc. and
      Massachusetts Bricklayers and Masons Local No. 3

Dear Mr. Fleury:

This letter will serve to advise you that an arbitration panel has been convened to hear the grievance between Bricklayers Local Union No. 3, Bricklayers and Allied Craftsman Local No. 3 and Uni-Con Floors, Inc. concerning the installation of tile at the UMass Dartmouth project.

The arbitration hearing will be held on Tuesday, January 25, 2005 at 9:30 a.m. at the Bricklayers and Allied Craftsman Local Union No. 3's offices at 550 Medford Street, Charlestown, Massachusetts.

You should be prepared to present any evidence, including witnesses and documentary evidence, which may support your client's position in this matter.

If you have any questions please feel free to contract me.

Very truly yours,

Michael A. Feinberg /klb

Michael A. Feinberg

MAF:klb

Cc:   Charles Raso, President and Business Manager Bricklayers and Allied Craftsman
      Local 3

# FEINBERG, CAMPBELL & ZACK, P.C.

Attorneys at Law

177 Milk Street, Suite 300 • Boston, Massachusetts 02109

617-338-1976

Fax 617-338-7070   Toll Free 800-338-6004

MICHAEL A. FEINBERG
maf@fczlaw.com
CATHERINE M. CAMPBELL
cmc@fczlaw.com
Also admitted in California
ARTHUR G. ZACK
agz@fczlaw.com

JONATHAN M. CONTI
jmc@fczlaw.com
Also admitted in Connecticut
and Wisconsin

*VIA CERTIFIED MAIL: 7004 2890 0004 6310 1614*
*and Regular Mail*

February 8, 2005

David M. Fleury, Esq.
Carmichael, Zajac & Fleury, P.C.
170 High Street
Taunton, MA 02780

    Re:    Uni-Con Floors, Inc. and
             Massachusetts Bricklayers and Masons Local No. 3

Dear Mr. Fleury:

This letter will serve to advise you that the arbitration panel mentioned in my letter to you of January 7, 2004 met on January 25, 2005 to hear the grievance between Bricklayers Local Union No. 3 and Uni-Con Floors, Inc.

Enclosed is the January 25, 2005 Arbitration Board Award which found that Uni-Con Floors, Inc. violated Article I, Section 3 of the collective bargaining agreement. As you will note, the Arbitration Board ordered that Uni-Con Floors, Inc.:

(1) Immediately cease and desist the use of American Floor Covering, Inc. to perform work covered by the collective bargaining agreement on the University of Massachusetts Dartmouth project;

(2) Pay to employees who would have been referred to the job by the Union the equivalent of wages lost by such employees as a result of the violation engaged in by Uni-Con Floors, Inc.; and

(3) Pay into the affected joint Trust Funds established under the collective bargaining agreement any delinquent contributions to such Fund which have resulted from Uni-Con Floors, Inc.'s violation.

Would you be kind enough to advise me as to Uni-Con Floors, Inc.'s intention with respect to this matter.

You should further be advised that in the event Uni-Con Floors, Inc. does not honor the Arbitration Board Award, Bricklayers Local Union No. 3 has authorized this office to enforce the Award in the United States District Court For The District of Massachusetts.

Very truly yours,

Michael A. Feinberg

MAF:kJb
Enclosure

Cc:    Charles Raso, Business Manager
       Bricklayers Local Union No 3

# ARBITRATION BOARD AWARD

A hearing was held on January 25, 2005 at the offices of Bricklayers & Allied Craftsmen Local 3 ("Union") in Boston, Massachusetts based on a grievance filed by the Union pursuant to Article XV of the collective bargaining agreement between Bricklayers & Allied Craftsman Union Local 3 Eastern Massachusetts and Marble, Tile and Terrazzo Contractors Association of Massachusetts that Uni-Con Floors, Inc. violated Article I, Section 3 of the collective bargaining agreement.

The hearing in this matter was originally scheduled for December 1, 2004. However, at the request of the attorney for Uni-Con Floors, Inc. a postponement was granted based upon the unavailability of John A. Pacheco, principal officer of Uni-Con Floors, Inc. The hearing was rescheduled to January 25, 2005 at 9:30 a.m. at the Union's offices at 550 Medford Street, Charlestown, Massachusetts. Appropriate and timely notice was given to Uni-Con Floors, Inc. through its attorney David M. Fleury, Esq. by letter dated January 7, 2005. No request was made for any continuance of the January 25, 2005 hearing. No representative of the company appeared at the hearing.

The Union presented its evidence that Uni-Con Floors, Inc. violated Article I, Section 3 of the collective bargaining agreement by utilizing American Floor Covering, Inc. to perform certain tile work at the University of Massachusetts Dartmouth project. The Union presented a copy of a signed collective bargaining agreement between it and Uni-Con Floors, Inc. as well as evidence with respect to the type of work being performed by American Floor Covering, Inc. on the University of Massachusetts Dartmouth project. The Union also presented evidence that John A. Pacheco was the principal officer of American Floor Covering, Inc. and was the same individual who was the principal officer of Uni-Con Floors, Inc.

After considering the evidence produced by the Union, the Board unanimously voted that Uni-Con Floors, Inc. was in violation of Article I, Section 3 of the collective bargaining agreement. Specifically, the Board unanimously found that Uni-Con Floors, Inc. intentionally evaded the terms, requirements and provisions of the collective bargaining agreement by utilizing American Floor Covering, Inc. to perform work

covered by the Union's collective bargaining agreement at the University of Massachusetts Dartmouth project.

Pursuant to Article I, Section 3(3) of the collective bargaining agreement the Board ordered, as its remedy to:

(1) Immediately cease and desist the use of American Floor Covering, Inc. to perform work covered by the collective bargaining agreement on the University of Massachusetts Dartmouth project;

(2) Pay to employees who would have been referred to the job by the Union the equivalent of wages lost by such employees as a result of the violation engaged in by Uni-Con Floors, Inc.; and

(3) Pay into the affected joint Trust Funds established under the collective bargaining agreement any delinquent contributions to such Fund which have resulted from Uni-Con Floors, Inc.'s violation.

The Board also determined that if it is necessary for the Union and/or the Trustees of the joint Trust Funds to institute court action to enforce this Award or to successfully defend an action by Uni-Con Floors, Inc. to vacate this Award, Uni-Con Floors, Inc. shall pay any accountants' and attorneys' fees incurred by the Union and/or Fund Trustees, plus the cost of litigation, which may occur as a result of the court action.

|   LABOR   |   MANAGEMENT   |
|-----------|----------------|
| _____ | _____ |
| Richard Forcione | James Fahey, Jr. |
| _____ | _____ |
| David R. Kreamer | James Gava |
| _____ | _____ |
| George Medeiros | William Matera |

Signed this 25th day of January, 2005

2